## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LEE S., | Case No. 26-cv-2006 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER DENYING** |
| | **HABEAS PETITION** |
| MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*; TODD M. LYONS, *in his official capacity as Acting Director of the United States Immigration and Customs Enforcement*; TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | **AS MOOT** |
| Respondents.[1] | |

Rachel M. Engebretson, **Engebretson Law Firm, P.A., Blaine, MN**, for Petitioner.

David R. Hackworthy, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On March 9, 2026, Petitioner Lee S. brought a petition for a writ of habeas corpus, alleging that her immigration detention was unlawful. *See Lee S. v. Noem*, No. 26-cv-1786 (LMP/ECW), ECF No. 1 (D. Minn. filed Mar. 9, 2026). On March 18, 2026, this Court

---

[1]     Respondents Markwayne Mullin and Todd Blanche have been substituted as successors to Kristi Noem and Pamela Bondi, respectively. *See* Fed. R. Civ. P. 25(d).

denied Lee S.'s petition, holding that her detention pending removal was lawful.  *See id,* ECF No. 9 (D. Minn. Mar. 18, 2026).  Six days later, Lee S. filed a second habeas petition, raising effectively the same legal theories but arguing that her second petition provided "additional legal support and citations to her claims."  ECF No. 1 ¶ 1 n.1.  Lee S. also moved for a temporary restraining order enjoining her removal during the pendency of her second habeas petition.  ECF No. 3.  The Court denied Lee S.'s motion for a temporary restraining order and ordered Lee S. to file an opening brief by March 27, 2026, explaining "how her petition, and the claims contained therein, are materially different" from her first habeas petition.  ECF No. 6.  The Court ordered Respondents to answer Lee S.'s second habeas petition no later than April 3, 2026, with any reply from Lee S. due by April 17, 2026.  *Id.*

Lee S. timely filed her opening brief, raising purported new "factual circumstances" and "more developed and distinct legal arguments" than in her first petition.  ECF No. 9 at 2.  The Government timely filed its response, asserting that Lee S.'s second petition is moot because she was removed to Laos on March 25, 2026.  ECF No. 11 at 2.  Lee S. did not file a reply brief.

"Article III restricts federal courts to the resolution of cases and controversies."  *Davis v. FEC*, 554 U.S. 724, 732 (2008).  "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id.* at 732–33 (citation omitted) (internal quotation marks omitted).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (internal quotation marks omitted).

Courts in this District have generally concluded that when the Government removes a noncitizen from the United States, a habeas petition challenging the noncitizen's detention becomes moot because the Court "can no longer grant effective relief" since the noncitizen "is no longer in custody." *Kaluba N. v. Immigr. & Customs Enf't*, No. 20-cv-1856 (NEB/ECW), 2020 WL 7632148, at *1 (D. Minn. Nov. 12, 2020) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)), *report and recommendation adopted*, 2020 WL 7624841 (D. Minn. Dec. 22, 2020); *see also Morley v. Trump*, No. 25-cv-1580 (KMM/JFD), 2025 WL 1757639, at *2 (D. Minn. June 25, 2025); *Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). Although exceptions to the mootness doctrine exist, *see Morley*, 2025 WL 1757639, at *1, Lee S. does not assert that any of them apply. And although Lee S.'s counsel speculates over whether Lee S. has been removed from the United States and whether she is still in the "constructive custody" of Respondents, ECF No. 9 at 1 n.1, the record firmly establishes that Lee S. has been removed and is not in the custody of Respondents, *see* ECF No. 12 ¶ 9; ECF No. 12-1. Accordingly, the Court must deny Lee S.'s second petition as moot. *See Ali*, 419 F.3d at 724 ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Lee S.'s Second Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED as moot**. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 20, 2026
*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

4